# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID HELMSTETTER and ) <br> JACQUELINE HELMSTETTER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> J.P. MORGAN CHASE BANK, N.A. et al., ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br><br> No. 19-2532-KHV |

## MEMORANDUM AND ORDER

On October 29, 2019, Jacqueline and David Helmstetter filed an amended complaint that asserted various claims against Federal National Mortgage Association ("Fannie Mae"), J.P. Morgan Chase Bank, N.A. ("Chase") and Sortis Financial, Inc. ("Sortis"). Amended Complaint (Doc. #27). On November 12, 2019, Sortis filed its Motion To Dismiss For Failure To State A Claim (Doc. #33). On the same day, Fannie Mae and Chase filed their Motion To Dismiss For Failure To State A Claim (Doc. #34). On December 3, 2019, the Court granted plaintiffs' request for additional time to respond to both motions to dismiss, and extended their deadline to December 9, 2019. See Motion For Additional Time To Respond To Summary Judgment Motions ECF 33 And ECF 44 (Doc. #43); see also Order (Doc. #44). On December 9, 2019, plaintiffs filed a response to the motion dismiss from Fannie Mae and Chase, but did not file a response to Sortis's motion to dismiss. Memorandum In Response Opposing Motion To Dismiss Filed By Chase And Fannie Mae (Doc. #47). This matter is before the Court on plaintiffs' Motion For Additional Time To Respond To Summary Judgment Motion (Doc. #48) filed December 9, 2019 and Motion To

File Instanter Upon Resolution Of ECF 48 (Doc. #49) filed December 11, 2019.[1]  For reasons stated below, the Court overrules plaintiffs' motions.

For the second time, plaintiffs request additional time to respond to Sortis's motion to dismiss.  See Motion For Additional Time To Respond To Summary Judgment Motion ECF 33 (Doc. #48); see also Motion For Additional Time To Respond To Summary Judgment Motions ECF 33 And ECF 44 (Doc. #43) filed December 3, 2019.  Pursuant to D. Kan. R. 6.1(a), a motion for more time to respond to a motion to dismiss must explain, among other things, "whether there has been prior consultation with other parties and the views of other parties," and if the Court granted prior extensions, "the number of extensions granted and the date of expiration of the last extension."  D. Kan. R. 6.1(a)(1), (3).

Here, plaintiffs' motion does not satisfy D. Kan. R. 6.1(a).  It does not explain whether plaintiffs consulted with the other parties, or describe the views of the other parties with respect to the extension.[2]  Moreover, although plaintiffs' motion notes the date on which their response is due, it does not mention the prior extension that the Court granted plaintiffs on December 3, 2019.  See Order (Doc. #44).  In other words, plaintiffs did not explain that their December 9 due date was actually the product of a prior extension.  Accordingly, the Court does not grant plaintiffs an extension.

If the Court does not grant plaintiffs an extension, they alternatively request that the Court treat their response to the motion to dismiss by Fannie Mae and Chase as a response to the motion

---

[1] Although plaintiffs label their motion as a response to a summary judgment motion, it actually relates to a motion to dismiss.  See Motion To Dismiss For Failure To State A Claim (Doc. #33).

[2] Plaintiffs apparently summarize the arguments that Sortis made in its motion to dismiss – not the views of the other parties with respect to the extension.

to dismiss by Sortis.  See Memorandum In Response Opposing Motion To Dismiss Filed By Chase And Fannie Mae (Doc. #47).  According to plaintiffs, the two motions to dismiss are similar, and the response that they already submitted could apply to both – with a few additions.  Accordingly, on December 11, 2019, plaintiffs filed a Motion To File Instanter Upon Resolution Of ECF 48 (Doc. #49), in which they apparently request to submit a supplement to their response to the motion to dismiss by Fannie Mae and Chase.  As best the Court can ascertain, plaintiffs intend for their supplement – which is approximately 15 pages – to explain the issues relating to the Kansas Consumer Protection Act, which applies to Sortis differently than the other defendants.

The Court will not allow plaintiffs to evade the requirements of D. Kan. R. 6.1(a) by submitting this supplemental brief.  If their noncompliance with Rule 6.1(a) prevents plaintiffs from directly responding Sortis's motion to dismiss, it also prevents them from indirectly responding to Sortis's motion to dismiss by supplementing other pleadings.  Even so, dividing plaintiffs' response to Sortis's motion to dismiss among multiple different pleadings – including those that relate to different defendants – would make it more difficult for the Court to assess plaintiffs' arguments and the motion to dismiss itself.  It would make more sense for plaintiffs to consolidate their arguments into a single response.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Additional Time To Respond To Summary Judgment Motion (Doc. #48) file December 9, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion To File Instanter Upon Resolution Of ECF 48 (Doc. #49) filed December 11, 2019 is **OVERRULED.**

Dated this 18th day of December, 2019 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                    KATHRYN H. VRATIL
                                                    United States District Judge