# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID HELMSTETTER et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2532-KHV |
| ) | |
| JPMORGAN CHASE BANK, N.A. et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On June 4, 2019, David and Jacqueline Helmstetter brought suit against JPMorgan Chase Bank, N.A. ("Chase"), Federal National Mortgage Association ("Fannie Mae") and Sortis Financial, Inc.[1] in the District Court of Brown County, Kansas for claims related to their home mortgage loan. On September 3, 2019, Chase and Fannie Mae removed the case to federal court. Notice Of Removal (Doc. #1). On October 29, 2019, plaintiffs filed an amended complaint. Amended Complaint (Doc. #27). This matter comes before the Court on JPMorgan Chase Bank, N.A.'s And Federal National Mortgage Association's Motion To Dismiss Or, In The Alternative, Motion For A More Definite Statement (Doc. #34) filed November 12, 2019. For reasons stated below, the Court overrules defendants' motion, converts it into one for summary judgment and orders re-briefing.

---

[1] On January 9, 2020, plaintiffs filed a notice of voluntarily dismissal of their claims against Sortis. Notice Of Dismissal Of Sortis Financial (Doc. #58).

**Factual And Procedural Background**

Plaintiffs initially filed a petition against defendants in state court. After defendants removed to federal court, plaintiffs filed an amended complaint which includes several exhibits. Plaintiffs allege that Sortis is attempting to collect a debt which was part of a mortgage loan modification agreement between plaintiffs and Chase, and that defendants engaged in a scheme to conceal the true owner of plaintiffs' debt in order to "double-dip" and recover it twice.

On November 12, 2019, defendants filed a motion to dismiss plaintiffs' amended complaint for failure to comply with Rule 8(a)(2), Rule 9 and Rule 12(b)(6), Fed. R. Civ. P. Alternatively, defendants ask for a more definite statement under Rule 12(e), Fed. R. Civ. P. In support, defendants include three exhibits. In response, among other things, plaintiffs assert that defendants' motion to dismiss improperly seeks to hold plaintiffs to a higher burden of proof than the Court requires at this stage. In support, plaintiffs also include several exhibits.

**Legal Standard**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679. The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall, 935 F.3d at 1110.

Plaintiffs bear the burden of framing their claims with enough factual matter to suggest that

they are entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiffs make a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiffs must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged – but has not "shown" – that the pleaders are entitled to relief. See id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

## Analysis

Defendants assert that plaintiffs' amended complaint fails to state a claim because plaintiffs (1) fail to identify which defendants they accuse of what acts; (2) did not attach the documents on which their claims rely; (3) do not allege facts showing that the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Truth In Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and Kansas Consumer Protection Act, K.S.A. § 50-626 ("KCPA") apply; (4) attempt to bring tort claims when their obligations are pursuant to written agreements; (5) fail to plead fraud with particularity; and (6) have previously released their claims against defendants. In the alternative, defendants assert that under Rule 12(e), the Court should require plaintiffs to file a

more definite statement. In support of their motion to dismiss, defendants provide the following exhibits: (1) Loan Modification Agreement Dated October 7, 2014; (2) Journal Entry For Dismissal Of Foreclosure Action Without Prejudice; (3) Chase Mortgage Payment Statement Dated August 15, 2009; and (4) Confidential Settlement Agreement And Release Dated January of 2018.[2]

In response, plaintiffs provide the following exhibits: (1) Legislative Floor Transcript Dated March 29, 2019; (2) Legislative Floor Transcript Dated May 4, 2019; (3) Kansas Bankers Association Testimony Before the Kansas House Judiciary Committee; and (4) JP Morgan Chase Bank, N.A v. Helmstetter, No. 114,054, 2016 WL 4262403, at *1 (Kan. App. Aug. 12, 2016).

While a motion for summary judgment considers the evidence (or lack thereof) on which plaintiffs base their allegations, a motion to dismiss considers only the allegations in plaintiffs' complaint. Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249, 1253-54 (10th Cir. 2005). In ruling on a motion to dismiss under Rule 12(b)(6), the Court generally may not look beyond the four corners of the complaint to consider extrinsic evidence that is not central to plaintiffs' claims.[3] Gee, 627 F.3d at 1186 (sufficiency of complaint must generally rest on its contents alone); Am. Power Chassis, Inc. v. Jones, No. 13-4134-KHV, 2017 WL 3149291, at *3 (D. Kan. July 25, 2017). This is the rule even if the extrinsic evidence is central to a theory of

---

[2] Defendants filed the Confidential Settlement Agreement And Release Dated January of 2018 separately under seal.

[3] Three exceptions to the four corners of the complaint rule are as follows: (1) documents that the complaint incorporates by reference; (2) documents to which the complaint refers, if they are central to plaintiffs' claims and the parties do not dispute their authenticity; and (3) matters of which the Court may take judicial notice. Becher v. United Healthcare Servs., Inc., 374 F. Supp. 3d 1102, 1106-07 (D. Kan. 2019) (citing Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010)).

defense. Becher, 374 F. Supp. 3d at 1106 (citing Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc., Nos. 08-2027-JWL, 08-2191-JWL, 2008 WL 3538968, at *3 (D. Kan. Aug. 11, 2008)). Under Rule 12(d), Fed. R. Civ. P., to consider evidence that is outside the complaint, the Court must convert the motion to dismiss into one for summary judgment under Rule 56, Fed. R. Civ. P.[4] Utah Gospel Mission, 425 F.3d at 1253.

Here, plaintiffs' amended complaint contains several exhibits and, to resolve defendants' motion to dismiss, both parties ask the Court to consider evidence that is outside the four corners of the complaint. The Court may not consider such extrinsic evidence without converting defendants' motion into one for summary judgment.[5] Gee, 627 F.3d at 1186 (if district court intends to rely on other evidence, it must convert Rule 12(b)(6) motion to one for summary judgment and give proper notice to parties). Accordingly, under Rule 12(d), the Court converts defendants' motion to dismiss into one for summary judgment and orders the parties to submit

---

[4] Rule 12(d) is as follows:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

[5] The Court could – but is not required to – consider defendants' exhibits without converting their motion into one for summary judgment because plaintiffs refer to those documents in their amended complaint and they are central to plaintiffs' claims. See Prager v. LaFaver, 180 F.3d 1185, 1189 (10th Cir. 1999) (court has discretion whether to consider materials defendant attaches to 12(b)(6) motion if plaintiff refers to them and they are central to plaintiff's claim); see also GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). Certainly, however, the Court could not consider plaintiffs' response exhibits – in particular, the legislative floor transcripts and Kansas Bankers Association testimony – because they are neither central to plaintiffs' claims nor mentioned in the amended complaint.

additional briefing and evidence in accordance with D. Kan. R. 56.1.

Furthermore, the Court overrules defendants' request for a more definite statement under Rule 12(e). The Court will sustain such a motion only when a party is unable to determine the issues requiring a response. Fed. R. Civ. P. 12(e); In re TJX Companies, Inc., No. 07-MD-1853-KHV, 2008 WL 2020375, at *3 (D. Kan. May 9, 2008). From defendants' motion to dismiss under Rule 12(b)(6), it is evident that overall, the amended complaint is not "so vague or ambiguous that [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendants are not entitled to a more definite statement.

## **Conclusion**

**IT IS THERFORE ORDERED** that JPMorgan Chase Bank, N.A.'s And Federal National Mortgage Association's Motion To Dismiss Or, In The Alternative, Motion For A More Definite Statement (Doc. #34) filed November 12, 2019 is **OVERRULED.**

**IT IS FURTHERED ORDERED** that defendants' motion to dismiss is hereby converted to a motion for summary judgment. On or before **April 20, 2020**, defendants shall submit additional briefing and evidence in a form which complies with D. Kan. R. 56.1. On or before **May 11, 2020**, plaintiffs shall file their response, again in compliance with D. Kan. R. 56.1.

Dated this 30th day of March, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
