IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID HELMSTETTER and ) <br> JACQUELINE HELMSTETTER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> J.P. MORGAN CHASE BANK, N.A. and ) <br> FEDERAL NATIONAL MORTGAGE ) <br> ASSOCIATION, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> No. 19-2532-KHV |

**MEMORANDUM AND ORDER**

On October 29, 2019, Jacqueline and David Helmstetter filed an amended complaint against J.P. Morgan Chase Bank, N.A. and Federal National Mortgage Association, alleging that defendants have wrongfully attempted to collect the same debt.[1] Plaintiffs seek a declaration as to settlement and loan modification agreements, and assert claims for negligence per se, fraud, outrage and breach of contract, along with violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et. seq. Amended Complaint (Doc. #27). On November 12, 2019, defendants asked the Court to dismiss plaintiffs' amended complaint for failure to state a claim or, in the alternative, a more definite statement. Motion To Dismiss Or, In The Alternative, Motion For A More Definite Statement (Doc. #34). On March 30, 2020, the Court overruled defendant's motion, converted it to one for summary

---

[1] Plaintiffs also sued Sortis Financial, Inc. ("Sortis"). Amended Complaint (Doc. #27). On January 9, 2020, plaintiffs dismissed their claims against Sortis. Notice Of Dismissal of Sortis Financial (Doc. #58).

judgment and ordered the parties to re-brief accordingly.  <u>Memorandum And Order</u> (Doc. #64). On April 20, 2020, defendants filed their <u>Motion For Summary Judgment</u> (Doc. #71).  On May 11, 2020, plaintiffs filed their <u>Response In Opposition To Motion For Summary Judgment By Chase</u> (Doc. #75).

Plaintiffs' amended complaint and the parties' summary judgment pleadings make it clear that summary judgment is premature.  Specifically, the Court cannot decide whether defendants are entitled to summary judgment because plaintiffs' claims remain ambiguous.  This is true with respect to their substance and the parties to each claim.  Beginning with the latter, despite the fact that two different plaintiffs assert claims against two different defendants, in many instances the amended complaint purports to collectively advance claims by "plaintiffs" against "defendants" without specifying who is suing whom.

The amended complaint also leaves unclear the substance of plaintiffs' claims.  It sporadically and inconsistently asserts over 50 separate "counts," many of which overlap even though they purportedly assert different claims under different statutes.[2]  To take just a few examples, the amended complaint contains two separate "Counts 18-35," along with "Counts 1-49" and "Counts 37-47"—all of which assert various different claims.  To further confuse matters, plaintiffs frequently attach footnotes to statutory claims which "cross-reference" separate statutes, under which plaintiffs also apparently assert independent claims.

In short, the amended complaint does not clearly state who is suing whom and for what. The summary judgment pleadings show that this problem remains unsolved, with each party apparently understanding the general nature of the dispute but only vaguely understanding the

---

[2]  In some instances, the amended complaint also leaves unclear the law under which plaintiffs are suing because it interchanges statutes and regulations, and even combines them into one law.  <u>See</u> <u>Amended Complaint</u> (Doc. #27) at 7 (asserting claims under "12 U.S.C. 1026.41").

-3-

specific claims which plaintiffs assert. Without actually knowing what plaintiffs' claims are, the Court cannot determine whether defendants are entitled to summary judgment.

Accordingly, the Court overrules defendants' summary judgment motion, and orders counsel to appear before U.S. Magistrate Judge Teresa J. James for a pretrial conference. The purpose of this conference is to prepare and finalize a pretrial order which clearly and fully delineates plaintiffs' claims. Specifically, *for each claim*, the pretrial order should specify (1) the plaintiff, (2) the defendant, (3) the claim, (4) any applicable statute or regulation and (5) a brief description of the allegations which support that claim. Once Judge James enters the pretrial order, defendants may file another motion for summary judgment.

**IT IS THEREFORE ORDERED** that defendants' Motion For Summary Judgment (Doc. #71) filed April 20, 2020 is **OVERRULED.**

**IT IS FURTHER ORDERED** that plaintiffs' Motion Regarding Technical Failure (Doc. #76) filed May 12, 2020 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that plaintiffs' Motion To File Instanter (Doc. #77) filed May 12, 2020 is **OVERRULED as moot**.

**The Court requests that Judge James conduct a pretrial conference and enter a pretrial order in accordance with this order.**

Dated this 28th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge