**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAVID HELMSTETTER and )
JACQUELINE HELMSTETTER, )
 )
                 Plaintiffs, )
 )
v. ) Case No. 2:19-cv-2532-KHV-TJJ
 )
JPMORGAN CHASE BANK, N.A. and )
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
 )
                 Defendants. )

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT

The facts in dispute in this case have already been the subject of significant briefing. The Court will not reiterate them in detail here. Suffice it to say that this case arises out of a home mortgage and foreclosure action in Brown County, Kansas, a related HomeSaver Advance loan and loan modification agreement. That modification and the HomeSaver Advance became the subject of considerable disagreement between the parties extending over many years and culminating in this case.

The case has a somewhat unusual procedural posture in this court. It remains in its early stages. But at the direction of the presiding District Court Judge, the Court conducted an early Pretrial Conference and entered an early Pretrial Order.[1] During the Pretrial Conference, the Court consolidated and limited Plaintiffs' somewhat overlapping or duplicative claims—which numbered fifty-four in the Amended Complaint[2]—to sixteen claims, but Plaintiffs asked to add certain new claims, as well. The Court advised Plaintiffs they could file a motion for leave to amend their Amended Complaint out of time. It is this motion that is now before the Court (ECF No. 96). Through their motion, Plaintiffs seek to add three claims to their existing sixteen claims:

(1) Claim 17: Defendants JPMorgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae") discriminated against Plaintiffs for exercising their consumer protection and truth-in-lending rights, in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq.* Defendants discriminated against Plaintiffs by removing Plaintiffs' access to online servicing that is available to other mortgage borrowers.

(2) Claim 18: Defendants—in discriminating against Plaintiffs for exercising their legal rights—acted unconscionably in violation of the Kansas Consumer Protection Act ("KCPA"),

---

[1] The purpose of the early Pretrial Order is to clearly and fully delineate Plaintiffs' claims, specifying with regard to each claim: "(1) the plaintiff, (2) the defendant, (3) the claim, (4) any applicable statute or regulation and (5) a brief description of the allegations which support that claim." ECF No. 80, at 3. Pursuant to well-established law, the Pretrial Order will govern the scope of the case moving forward. *See* Fed. R. Civ. P 16(d); D. Kan. R. 16.2(b); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1220 (10th Cir. 2000) ("[A] pretrial order defines the scope of an action for trial . . . .")

[2] ECF No. 27.

K.S.A. § 50-627.  Again, the allegedly discriminatory act was this:  Defendants removed Plaintiffs' access to online servicing.

(3)  Claim 19:  Defendant Fannie Mae, through Mark Graves, violated K.S.A. § 50-626(b)(2) and (b)(3) when Mr. Graves signed an April 13, 2020 Declaration in support of a summary judgment motion that said the HomeSaver Advance "is an unsecured loan and is not secured by any interest in real property."[3]  Plaintiffs claim this statement violated K.S.A. § 50-626(b)(2) because it was a knowing and willful use of a written falsehood (contrary to a June 15, 2020 statement by a former Defendant, Sortis Financial, Inc., that the debt was a mortgage loan—or one that was secured, not unsecured).  Alternatively, Plaintiffs claim that Defendant Fannie Mae's failure to disclose the debt as secured violated K.S.A. § 50-626(b)(3) because it was a willful concealment and omission of fact.

Defendants jointly oppose the motion, arguing that the proposed new claims are futile.  Defendants also argue that amendment is untimely and proposed Claim 19 is brought in bad faith.  Because the Court agrees that the claims are futile, the Court issues the following Report and Recommendation to the District Judge.[4]

---

[3] ECF No. 73-2, at 2 ¶ 6.

[4] When the Court denies a motion to amend based on futility, it can be construed as a dispositive action.  *See Gardiner v. McBryde*, No. 15-3151-DDC, 2018 WL 6991101, at *1 n.3 (D. Kan. Oct. 5, 2018), *report and recommendation adopted*, No. 15-3151-DDC-JPO, 2018 WL 6715827 (D. Kan. Dec. 21, 2018) (citing *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 669 (D. Kan. 2014) ("When a court denies a claim as futile on a motion for leave to amend, the denial 'has the identical effect as an order dismissing potential claims' and is therefore dispositive." (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228–29 (D. Kan. 2002)))); *Jackson v. Kan. Cnty. Ass'n Multiline Pool*, No. 03-4181-JAR, 2005 WL 3307215, at *1 (D. Kan. Dec. 6, 2005) (reviewing futility-based denial of motion to amend under de novo standard); *McCormick v. City of Lawrence, Kan.*, No. 02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. Jan. 17, 2003) (same); *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (same); *see also Sprint Commc'ns Co. v. Cable One, Inc.*, No. 11-2685-JWL, 2014 WL 588068, at *1 (D.

Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[5] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[6] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[7] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[8] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

Kan. Feb. 14, 2014) ("[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend for reasons <u>other than futility</u> is a nondispositive order.") (emphasis added) (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011)). While certainly there are cases holding generally that a motion to amend is non-dispositive, the Court believes issuing a Report and Recommendation is the better approach when denying leave based on futility, as the Tenth Circuit has indicated that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews de novo." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

[5] Fed. R. Civ. P. 15(a)(1).

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[9]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[10] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[11] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[12] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[13] The party opposing the proposed amendment bears the burden of establishing its futility.[14]

## Analysis

In determining whether to grant Plaintiffs leave to amend, the Court addresses each of the three proposed claims individually.

---

[9] *Id.* (quoting *Foman*, 371 U.S. at 182).

[10] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[11] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Twombly*, 550 U.S. at 555.

[13] *Id.* at 556.

[14] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

*Proposed Claim 17*

To determine whether Plaintiffs' proposed Claim 17 is futile, the Court begins with the elements of FHA and ECOA discrimination claims. The FHA prohibits discrimination "because of race, color, religion, sex, handicap, familial status, or national origin."[15] Notably, "exercising legal rights" is absent from this list. To state a claim of FHA discrimination, a plaintiff must allege (1) membership in a protected class; (2) an attempt to enter into a "real estate-related transaction" with the defendant, when the plaintiff met all relevant qualifications; (3) despite those qualifications, the defendant refused to transact business; and (4) the defendant continued to do business with others who possessed the same qualifications.[16]

Plaintiffs do not allege facts supporting many (if any) of these elements. First, and most significantly, they allege only that they were litigants—not members of a protected class. This fact is dispositive of their claim. Second, Plaintiffs fail to allege that Defendants refused to transact business. To the contrary, Plaintiffs allege that "David Helmstetter is an applicant, now also a borrower because credit was granted."[17] Plaintiffs' FHA discrimination claim is futile.

Plaintiffs' proposed ECOA claim suffers from similar infirmities. To state a claim under the ECOA, a plaintiff must allege that she (1) belongs to a protected class; (2) applied for credit with the defendant; (3) qualified for credit; and (4) was denied credit despite her qualifications.[18]

---

[15] 42 U.S.C. § 3605(a).

[16] *Scherer v. Mission Bank*, 34 F. App'x 656, 658 (10th Cir. 2002) (citation omitted).

[17] ECF No. 96-1, at 2 ¶ 145b.

[18] *Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir. 2004) (*abrogated on other grounds by In re: Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 n.18 (3d Cir. 2008)); *see also Matthiesen v. Banc One Mortg. Corp.*, 173 F.3d 1242, 1246 (10th Cir. 1999) (implicitly approving district

Once again, Defendants argue that Plaintiffs have not alleged that they are members of a protected class. For Plaintiffs' ECOA claim, however, the Court finds this argument unpersuasive, as the ECOA prohibits discrimination "because the applicant has in good faith exercised any right under this chapter."[19] But there are other problems with Plaintiffs' proposed Claim 18. First, Plaintiffs have not alleged that they were "applicants" under the ECOA.[20] An "applicant" is "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly . . . for an amount exceeding a previously established credit limit."[21] Plaintiffs are mortgagors—not applicants; their alleged claims arose during the servicing of their existing loan.[22] Second, Plaintiffs also fail to allege (and cannot in good faith allege) that Defendants denied them credit. As the Court noted with respect to the FHA claim, Plaintiffs allege that "David Helmstetter is an applicant, now also a borrower because credit was granted."[23]

---

court's use of the same prima facie case elements, but declining to determine whether the *McDonnell Douglas* burden-shifting standard applies in ECOA cases).

[19] 15 U.S.C. § 1691(a)(3).

[20] Plaintiffs do use the term "applicant," but they do so in a conclusory, not plausible, fashion. The facts pleaded do not show that they meet the definition of "applicant" under the statute.

[21] *Id.* § 1691a(b).

[22] *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 290–91 (N.D.N.Y. 2008) (citing *Stoyanovich v. Fine Art Cap. LLC*, No. 06-CIV-13158, 2007 WL 2363656, at *2 (S.D.N.Y. Aug. 17, 2007)); *see also Stefanowicz v. SunTrust Mortg.*, No. 3:16-CV-00368, 2017 WL 1103183, at *8 (M.D. Pa. Jan. 9, 2017), *report and recommendation adopted*, No. 3:16-CV-00368, 2017 WL 1079163 (M.D. Pa. Mar. 22, 2017), *aff'd*, 765 F. App'x 766 (3d Cir. 2019).

[23] ECF No. 96-1, at 2 ¶ 145b.

The Court also notes that Plaintiffs failed to make any allegations against Defendant Fannie Mae in proposed Claim 17, so any attempt to state a claim against Defendant Fannie Mae is futile for that reason, too.

*Proposed Claim 18*

Plaintiffs bring their Proposed Claim 18 under the KCPA. It is based on the policies underlying the FHA and ECOA.[24] Because those claims are futile, it follows that proposed Claim 18 may also be futile. Once again, Plaintiffs do not allege that they are members of a protected class under the FHA or that they are applicants under the ECOA.[25] Absent these allegations, the Court struggles to see how their KCPA claim based on policies underlying the FHA and ECOA can avoid dismissal. But Plaintiffs also allege, "Conduct that violates public policy and [is] prohibited in general, even if not meeting a specific rule as to every element, is unconscionable."[26] This allegation suggests to the Court that Plaintiffs base their KCPA claim on a broader sense of unconscionability than only those actions prohibited under the FHA and ECOA. The Court therefore turns to what the KCPA requires for an unconscionability claim.

---

[24] ECF No. 96-1, at 3, ¶¶ 154–156 (citing federal law as establishing the public policy underlying Plaintiffs' unconscionability claim).

[25] Plaintiffs identify the following web pages in support of their proposed Claim 18: https://www.hud.gov/sites/documents/DISCRIMINATORYEFFECTRULE.PDF and https://www.fdic.gov/regulations/laws/rules/5000-3860.html. Plaintiffs failed to identify which portions of the documents they believe are relevant. But both of these citations actually support the proposition that Plaintiffs must allege they are members of a protected class. They both discuss the prohibition of discrimination based on basis of race, color, national origin, religion, disability/handicap, sex, and marital/familial status, as well as other protected statuses. The second document also notes that the ECOA protects against discrimination based on "[t]he applicant's exercise, in good faith, of any right under the Consumer Credit Protection Act."

[26] ECF No. 96-1, at 3 ¶ 157.

To state a claim under the KCPA, a plaintiff must be "aggrieved."[27] Plaintiffs were unable to access their account online when they tried to pull mortgage documents for discovery in this case. But Plaintiffs also explain in their brief that when they raised the issue with Defendants, defense counsel provided Plaintiffs with the documentation they sought.[28] Indeed, the mortgage statements are listed in the Pretrial Order as exhibits the admissibility of which is stipulated.[29] Plaintiffs have not alleged that they were aggrieved by their blocked access to their online statements. For this reason, Plaintiffs' KCPA unconscionability claim is futile.

*Proposed Claim 19*

Plaintiffs' proposed Claim 19 rests on an assumption that a letter sent by Sortis Financial, Inc. on June 15, 2020 contained a true statement of fact—that the HomeSaver Advance was a mortgage. If this fact is true, then, according to Plaintiffs, the April 13, 2020 statement by Mr. Graves (attributed to Fannie Mae),[30] asserting that the HomeSaver Advance was unsecured, must be false. They base their proposed claim on Fannie Mae's allegedly false statement.

What Plaintiffs omit from their proposed Claim 19 is the fact that Sortis sent a July 15, 2020 "correction" letter indicating the HomeSaver Advance is not a mortgage loan.[31] Although

---

[27] K.S.A. § 50-634(a), (b); *Finstad v. Washburn Univ.*, 845 P.2d 685, 692 (Kan. 1993); *see also Robbins v. Dyck O'Neal*, 447 F. Supp. 3d 1100, 1108 (D. Kan. 2020).

[28] ECF No. 97, at 2–3 ("Further, as to the inability to use online servicing, Counsel for Chase . . . then assisted in pulling the clean pdf copies for the joint proposed exhibit list.").

[29] ECF No. 94, at 3–4.

[30] There is also a question, which the Court need not address here, of whether Mr. Graves' statement was made as an agent on behalf of Fannie Mae.

[31] Defendants claim that a second letter from Sortis, dated July 6, 2020, also corrects the reference to the HomeSaver Advance as a mortgage. But after a brief review of the July 6 letter,

this omission concerns the Court as a matter of principle, the Court has not considered the July 15 letter in deciding Plaintiffs' motion to amend, as it is outside the four corners of the proposed amendments.

But even without considering the additional letter sent by Sortis on July 15, 2020, this proposed claim suffers from the same omission as proposed Claim 18: Plaintiffs have not alleged that they were aggrieved or injured by Defendant Fannie Mae's statement that the loan was unsecured. The statement was made during the instant litigation. And Judge Vratil denied the motion that the declaration was offered to support.[32] Plaintiffs have not alleged that the statement caused them any harm. Absent such allegations, Plaintiffs fail to state a claim under the KCPA.[33]

## Conclusion

Because the Court believes that the proposed claims are futile, the Court need not reach Defendants' alternative arguments that Plaintiffs' proposed amendment is untimely and Count 19 is raised in bad faith. Notably, however, Plaintiffs filed their motion within the deadline set by the undersigned judge in the Pretrial Order.[34] And while the record does not facially support a finding of bad faith, the Court does caution Plaintiffs' counsel against asserting frivolous,

---

the Court fails to see how that document corrects the June 15 letter. A deeper review may reveal otherwise, but the matter is immaterial to the issues presently before the Court.

[32] ECF No. 80.

[33] K.S.A. 50-634(a), (b); *Finstad*, 845 P.2d at 692; *see also Robbins*, 447 F. Supp. 3d at 1108; *Weckhorst v. Kan. State Univ.*, 241 F. Supp. 3d 1154, 1176–78 (D. Kan. 2017). Although the Court determines that Plaintiffs have not stated a viable new claim based on the Sortis letter, it is possible that this letter (and the others) may be admissible as relevant evidence to support one or more of the sixteen other claims Plaintiffs bring in this case.

[34] ECF No. 94, at 5 n.2, 18 n.9, 30.

unsupported, or misleading claims. Before Plaintiffs filed the instant motion, Defendants submitted evidence and Plaintiffs were aware that the June 15 Sortis letter had been "corrected" at least once (on July 15, 2020) to indicate the HomeSaver Advance is not a mortgage loan. The Court has not considered the corrected letter(s) in evaluating the plausibility of Plaintiffs' claim. But it is troubling that Plaintiffs knew of the existence of the subsequent letter(s), yet still sought to add a very misleading claim based on the original letter, claiming it rendered Fannie Mae's prior statement deceptive or unconscionable, without any mention of the subsequent letter(s).

Under Fed. R. Civ. P. 72(b), on a case-dispositive matter, a magistrate judge must issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding Plaintiffs' motion.

## RECOMMENDATION

Based upon the above findings, it is hereby recommended that the Motion for Leave to File Second Amended Complaint Pursuant [to] FRCP 15 (ECF No. 96) be **DENIED**.

Respectfully submitted.

Dated this 16th day of November, 2020 at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge