UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVID HELMSTETTER and | ) | |
| JACQUELINE HELMSTETTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-2532-KHV-TJJ |
| | ) | |
| JPMORGAN CHASE BANK, N.A. and | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On March 9, 2021, the Court conducted a telephone conference with the parties to discuss

Defendants' objections to Plaintiffs' proposed Rule 30(b)(6) deposition topics.[1]  During the call,

Donna Huffman appeared for Plaintiffs David and Jacqueline Helmstetter, and Michelle Masoner

and William Easley appeared for Defendants JPMorgan Chase Bank, N.A. ("Chase") and

Federal National Mortgage Association ("Fannie Mae"). This Order contains the Court's rulings

on Defendants' objections.

In accordance with the Court's Order dated February 18, 2021, Defendants submitted to

chambers their objections to Plaintiffs' proposed Rule 30(b)(6) deposition topics on Feb 26,

2021. Because of the brief and firm April 9 deadline for identifying and completing Defendants'

corporate witness depositions,[2]  the Court first emailed the parties on March 3, 2021, and then

---

[1] These objections were emailed to chambers and Plaintiffs' counsel and are attached as
Attachments A and B to this Order.
[2] ECF Nos. 112 at 2; 113.

1

entered a Text Order the same day, giving the parties the opportunity (although not required by the Rules) by March 8 at noon to submit up to five pages of arguments regarding the objections, and setting a March 9 telephone conference regarding the same. Defendants complied with the March 8 deadline; Plaintiffs did not.

Although Defense counsel emailed Defendants' objections to Plaintiffs' counsel on February 26, Plaintiffs' counsel indicated she was out of town and did not see them until much later. Also, although Plaintiffs' counsel receives CM/ECF notifications, she indicated she was not aware of the March 9 phone conference until sometime after her return on March 8. Nonetheless, on the morning of March 9, Plaintiffs' counsel filed and emailed to chambers Plaintiffs' Objection to Hearing and 30(b)(6) Proffer of Responses (ECF No. 117), which included approximately five pages of argument opposing Defendants' objections to the deposition topics. And the Court gave Plaintiffs' counsel the opportunity to argue—and Plaintiffs' counsel did make arguments—during the March 9 telephone conference.

In making the decisions contained in this Order, the Court considered both Plaintiffs' untimely written objection and proffer of responses, as well as Plaintiffs' oral arguments. The Court overrules Plaintiffs' objection to the hearing and finds that Plaintiffs were provided proper notice and sufficient opportunity to address Defendants' objections to the proposed Rule 30(b)(6) deposition topics.

Having found the notice and hearing proper, the Court now turns to the substance of Defendants' objections.

### Defendant Chase's Objections to Plaintiffs' Rule 30(b)(6) Deposition Topics

1. **To discuss and explain all documents and information disclosed by Defendants as Rule 26(a) disclosures and documents numbered DEF 000001-55.**

2

The parties resolved the issues regarding Chase's objection to this topic during the phone conference. By agreement, and without regard to the document numbers referenced above, Chase shall produce a corporate representative or representatives to testify regarding the documents identified and produced by Chase in its Rule 26 Disclosures (including initial and any supplemental disclosures served by Chase at or prior to the Rule 30(b)(6) deposition(s)).

2.  **Discuss and explain all aspects of the Helmstetters' Note(s), Mortgage, 2008 Advance(s), and 2014 Modification as they apply to documents exchanged in this case.**

Chase's objection is sustained in part and this topic limited as follows.

With regard to the Helmstetters' 2006 Note, Mortgage, and 2014 Modification: Chase objects to the breadth of this topic, noting that Chase did not originate the 2006 Note and arguing that the Helmstetters released all claims based upon events existing prior to January 6, 2018. As the Court advised consistently throughout the February 16, 2021 status conference with regard to a number of Plaintiffs' discovery requests, on January 6, 2018, the Helmstetters executed a broad and comprehensive release of all claims asserted or that could have been asserted based on events prior to that date with regard to the 2006 Note, Mortgage, and 2014 Modification. Therefore, events related to the Helmstetters' 2006 Note, Mortgage, and 2014 Modification that occurred prior to January 6, 2018 are not relevant to Plaintiffs' claims in this case. Chase's objection on this basis is sustained; its overbreadth objection is otherwise overruled. Chase shall produce a corporate representative to discuss and explain all aspects of the Helmstetters' 2006 Note, Mortgage, and 2014 Modification as they apply to the documents exchanged in this case, subject to the January 6, 2018 date/time limitation.

With regard to the Helmstetters' 2008 HomeSaver Advance(s): Chase does not object to

this topic but instead claims Chase's knowledge of the HomeSaver Note is limited to the timeframe between April 2008-July 2008 and is further limited to originating the Note and applying the HomeSaver Note proceeds to the 2006 Note and 2006 Mortgage debt. In addition, on pages 2-3 of Defendant JPMorgan Chase Bank, N.A.'s Objections and Responses to Rule 30(b)(6) Deposition Notice, Chase makes a number of representations about the servicing of the HomeSaver Note by other entities on behalf of Fannie Mae, Chase's endorsement of the HomeSaver Note, the HomeSaver "loss mitigation program," and related issues. Chase shall therefore produce a corporate representative or representatives to answer questions regarding Topic 2, including the origination of the 2008 HomeSaver Note, application of the HomeSaver Note proceeds to the 2006 Note and Mortgage debt, and regarding Chase's knowledge and information with respect to the representations made on pages 2-3 of Defendant JPMorgan Chase Bank, N.A.'s Objections and Responses to Rule 30(b)(6) Deposition Notice.

   3. **Discuss and explain the documents filed as Exhibit 36-1 in this matter on November 12, 2019.**

   No objection. Chase shall produce a corporate representative to answer questions on this topic.

   4. **Discuss and explain the policies and procedures for loan servicing as applied to the Helmstetters' Account Activity and Loan Accounting including payoff(s).**

   Chase's objection is sustained in part and this topic limited as follows.

   With regard to the Helmstetters' 2006 Note, Mortgage, and 2014 Modification: Chase objects based solely upon the release of claims existing prior to January 6, 2018. The Court sustains this objection as to timeframe consistent with the ruling on Topic 2, above. Chase shall produce a corporate representative or representatives to discuss and explain the issues raised in

4

Topic 4, subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2, above.

With regard to the Helmstetters' 2008 HomeSaver Advance, Chase objects that it did not service this Note. This is supported by the Declaration, under penalty of perjury, of a Fannie Mae representative identifying entities other than Chase that have serviced the HomeSaver Note on behalf of Fannie Mae from May 2, 2008 to present.[3]  Plaintiffs' proferred response does not address this point in any substantive way. While Chase must provide a corporate representative to answer the questions related to the HomeSaver Note as instructed with regard to Topic 2, Chase's objection to Topic 4 with respect to the HomeSaver Note is sustained.

5. **Discuss and explain the Helmstetter mortgage statements in the context of statutory compliance as to proper application of payments (accounting of payments) and information required to be disclosed to the borrower.**

Chase's objection is sustained in part and this topic limited as follows.

With regard to the Helmstetters' 2006 Note, Mortgage, and 2014 Modification: Chase objects based solely upon the release of claims existing prior to January 6, 2018. The Court sustains this objection as to timeframe consistent with the ruling on Topic 2, above. Chase shall produce a corporate representative or representatives to discuss and explain the issues raised in Topic 5 with regard to the 2006 Note, Mortgage, and 2014 Modification, subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2, above.

With regard to the HomeSaver Advance Note, Chase objects to this topic on the basis that it did not service this Note but does not indicate whether Chase provided any statements to the Helmstetters for the HomeSaver Advance Note. In addition, Chase objects because the

---

[3] ECF No. 73-2 at 3 ¶ 7.

HomeSaver Advance Note was not a mortgage loan, but Plaintiffs contend otherwise and this is an issue in dispute in this case, as noted in Plaintiffs' proffered response to this topic. Chase shall produce a corporate representative or representatives to answer questions regarding Topic 5 with regard to any statements Chase provided the Helmstetters for the HomeSaver Note.

6. **Discuss and explain policies, procedures, and statutory compliance regarding payoff statements.**

Chase's objection is sustained in part and this topic limited as follows.

With regard to the Helmstetters' 2006 Note, 2006 Mortgage, and 2014 Modification: Chase objects based solely upon the release of claims existing prior to January 6, 2018. The Court sustains this objection as to timeframe consistent with the ruling on Topic 2, above. Chase shall produce a corporate representative to answer questions regarding Topic 6. However, this topic will be subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2, above.

With regard to the Helmstetters' 2008 HomeSaver Advance, Chase objects that it did not service this Note. As noted in the discussion of Topic 4, above, this is supported by the Fannie Mae representative's Declaration.[4]  Additionally, there is no claim in this case related to a payoff statement with regard to the HomeSaver Note. Therefore, while Chase must provide a corporate representative to answer the questions related to the HomeSaver Note as instructed with regard to Topic 2, Chase's objection to Topic 6 with respect to the HomeSaver Note is sustained.

7. **Discuss and explain policies, procedures, and statutory compliance regarding transfers of servicing or transfer of ownership including, but not limited to, the timing and required form of such information.**

---

[4] *Id.*

Objection sustained in part. With regard to the Helmstetters' 2006 Note, 2006 Mortgage, and 2014 Modification: The Court has already imposed a date/time limitation of January 6, 2018. There is no contention that the 2006 Note and 2006 Mortgage were transferred after that date. Therefore, the objection to this topic with regard to the 2006 Note and 2006 Mortgage is sustained.

With regard to the HomeSaver Advance Note: Chase also argues that Topic 7 is irrelevant and beyond the scope of discovery because, it contends (1) Plaintiffs have not alleged a cause of action based upon service or ownership transfers and (2) the Court denied Plaintiffs' attempt to include any such claim in the Pretrial Order.  But, irrespective of whether Plaintiffs have asserted a cause of action based upon service or ownership transfers of the HomeSaver Advance Note, they have consistently and adamantly contended that Defendants have played a "shell game" with transfers of servicing and/or ownership and those contentions could potentially support some of Plaintiffs' existing claims.[5]  This topic is relevant to how Chase and Fannie Mae handle transfers of servicing and ownership. Chase shall produce a corporate representative or representatives to answer questions regarding Topic 7 relative to the HomeSaver Advance Note.

8. **Discuss and explain policies, procedures, and statutory compliance regarding forms of communication with borrowers in and out of litigation.**

Objection sustained. This topic is vague and overly broad, seeking information regarding any and all forms of communication of any kind, to or from borrowers, about anything.

---

[5] Plaintiffs' proffered response to this topic states: "Defendant has raised the claim that the HomeSaver Advance was transferred despite not mentioning [Fannie Mae] and no notice or inclusion or mention of this in the nearly decade of the state case with inconsistent statements…"

Furthermore, there are only two claims the Court can recall that Plaintiffs attempted to assert against Defendants in this case relative to communications (claims that Defendants discriminated against Plaintiffs by denying them their preferred method of communication—access to online servicing), and the Court denied Plaintiffs' motion for leave to amend their complaint to assert those claims.[6] This topic is therefore not relevant and is beyond the scope of permissible discovery in this case.

9. **Discuss and explain the servicing notes on the Helmstetter loan.**

Chase's objection is sustained in part and this topic limited as follows.

With regard to the Helmstetters' 2006 Note, Mortgage, and 2014 Modification: Chase objects based solely upon the release of claims existing prior to January 6, 2018. The Court sustains this objection as to timeframe consistent with the ruling on Topic 2, above. Chase shall produce a corporate representative to answer questions regarding Topic 9. However, this topic will be subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2, above.

With regard to the Helmstetters' 2008 HomeSaver Advance, Chase objects that it did not service this Note. As noted with regard to Topic 4, above, this is supported by the Declaration, under penalty of perjury, of a Fannie Mae representative identifying entities other than Chase that have serviced the HomeSaver Note on behalf of Fannie Mae from May 2, 2008 to present.[7] While Chase must provide a corporate representative to answer the questions related to the HomeSaver Note as instructed with regard to Topic 2, Chase's objection to Topic 9 with respect

---

[6] ECF No. 102 at 2–3, 6–9, adopted by ECF No. 107.
[7] ECF No. 73-2 at 3 ¶ 7.

to the HomeSaver Note is sustained.

**10. Discuss and explain your responses to discovery.**

No objection. Chase confirmed that it would produce a witness to provide testimony regarding its responses to discovery requests in this case.

### Defendant Fannie Mae's Objections to Plaintiffs' Rule 30(b)(6) Deposition Topics

**1. To discuss and explain all documents and information disclosed by Defendants as Rule 26(a) disclosures and documents numbered DEF 000001-55.**

The parties resolved the issues regarding Fannie Mae's objection to this topic during the status conference. By agreement, and without regard to the document numbers referenced above, Fannie Mae shall produce a corporate representative or representatives to testify regarding the documents identified and produced by Fannie Mae in its Rule 26 Disclosures (including initial and any supplemental disclosures served by Fannie Mae at or prior to the Rule 30(b)(6) deposition(s)).

**2. Discuss and explain all aspects of the Helmstetters' Note(s), Mortgage, 2008 Advance(s), and 2014 Modification as they apply to documents exchanged in this case.**

Fannie Mae's objection is sustained in part and this topic limited as follows.

With regard to the Helmstetters' 2006 Note, Mortgage, and 2014 Modification: Consistent with the Court's ruling, *supra*, regarding this identical topic vis-à-vis Chase, events related to the Helmstetters' 2006 Note, Mortgage, and 2014 Modification that occurred prior to January 6, 2018 are not relevant to Plaintiffs' claims in this case. Fannie Mae also objects generally to this topic as outside its knowledge and control, but Plaintiffs' proffered response argues this is inconsistent with affidavits filed in this case. In light of the Declaration, under penalty of perjury, of Fannie Mae's corporate representative, Fannie Mae shall produce a

corporate representative to discuss and explain Fannie Mae's interest in the Helmstetters' 2006 Note, Mortgage, and 2014 Modification, the role of Chase as the current mortgage servicer for the 2006 Note and 2006 Mortgage, and the other information set out in the Declaration[8] subject to the January 6, 2018 date/time limitation.

With regard to the Helmstetters' 2008 HomeSaver Advance(s): Fannie Mae does not object but instead states it "can answer questions related to the HomeSaver program, HSA collection policies, the Helmstetters' 2008 HSA, and servicing of the HSA." Fannie Mae shall therefore produce a corporate representative or representatives to answer questions regarding Topic 2, including the information it has agreed to provide, as well as to discuss and explain the HSA "loss mitigation program" and the other information set out in the Declaration of its corporate representative.[9]

**3. Discuss and explain the documents filed as Exhibit 36-1 in this matter on November 12, 2019.**

No objection. Fannie Mae shall produce a corporate representative to answer questions on this topic.

**4. Discuss and explain the policies and procedures for loan servicing as applied to the Helmstetters' Account Activity and Loan Accounting including payoff(s).**

Fannie Mae's objection is sustained in part and this topic limited as follows.

A Chase corporate representative has stated in a Declaration, under penalty of perjury, that: "Since on or about September 7, 2007, Chase has been the servicer of the Loan **_on behalf of_** **_[Fannie Mae], entitled to enforce the Note and Mortgage, in accordance with Fannie Mae's_**

---

[8] ECF No. 73-2.
[9] *Id.*

***Servicing Guide***, available on Fannie Mae's website:

https://www.efanniemae.com/sf/servicing/."[10] Thus, although Fannie Mae objects generally to Topic 4 "because Fannie Mae is not a loan servicer" and because the requested topics are outside its knowledge and control, it should be able to provide answers to questions regarding Fannie Mae's Servicing Guide as it applies to the Helmstetters' 2006 Note and 2006 Mortgage. Fannie Mae shall, therefore, produce a corporate representative or representatives to answer questions regarding Fannie Mae's policies and procedures set out in its Servicing Guide and how they would expect them to be applied in the servicing of the Helmstetters' 2006 Note and 2006 Mortgage, including with regard to payoffs. However, this topic will be subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2, above.

5. **Discuss and explain the Helmstetter mortgage statements in the context of statutory compliance as to proper application of payments (accounting of payments) and information required to be disclosed to the borrower.**

Fannie Mae's objection is sustained in part and this topic limited as follows.

This topic requests information relating to the Helmstetters' mortgage statements. Once again, Fannie Mae objects generally, "because [it] is not a loan servicer" and because the topic is outside its knowledge and control. But, as noted above, Fannie Mae should be able to provide answers to questions regarding its own "Servicing Guide" as it applies to the Helmstetters' 2006 Note and 2006 Mortgage. Fannie Mae shall, therefore, produce a corporate representative or representatives to answer questions regarding the extent to which, if any, its Servicing Guide touches upon the issues set out in Topic 5. However, this topic will be subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2, above.

---

[10] ECF No. 73-1 at 3 ¶ 4 (emphasis added).

6. **Discuss and explain policies, procedures, and statutory compliance regarding payoff statements.**

Fannie Mae's objection is sustained in part and this topic limited as follows.

Fannie Mae objects to this topic stating that it does not prepare payoff statements and this topic is outside Fannie Mae's knowledge and control. In their response to the objection, Plaintiffs assert that "Payoffs" is a topic in Fannie Mae's Service Guide, which Chase and its predecessors were required to follow. Again, as noted above, Fannie Mae should be able to provide answers to questions regarding its own Servicing Guide as it applies to the Helmstetters' 2006 Note and 2006 Mortgage. Fannie Mae shall, therefore, produce a corporate representative or representatives to answer questions regarding the extent to which, if any, its Servicing Guide touches upon Fannie Mae's policies and procedures and how Fannie Mae would expect them to be applied in the servicing of the Helmstetters' 2006 Note and 2006 Mortgage, with regard to payoff statements. However, this topic will be subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2.

7. **Discuss and explain policies, procedures, and statutory compliance regarding transfers of servicing or transfer of ownership including, but not limited to, the timing and required form of such information.**

Fannie Mae argues that Topic 7 is irrelevant and beyond the scope of discovery because, it contends, (1) Plaintiffs have not alleged a cause of action based upon service or ownership transfers and (2) the Court denied Plaintiffs' attempt to include any such claim in the Pretrial Order.  Fannie Mae also argues, again, that this topic is outside its knowledge and control because it it not a loan servicer. The Court has already addressed this latter point and applies the same ruling here. In addition, with regard to points (1) and (2), irrespective of whether Plaintiffs have asserted a cause of action based upon service or ownership transfers of the HomeSaver

12

Advance Note, they have consistently and adamantly contended that Defendants have played a "shell game" with transfers of servicing and/or ownership and those contentions could potentially support some of Plaintiffs' existing claims. This topic is relevant to how Fannie Mae and Chase handle transfers of servicing and ownership. Fannie Mae shall produce a corporate representative or representatives to answer questions regarding Topic 7 relative to the HomeSaver Advance Note.

**8. Discuss and explain policies, procedures, and statutory compliance regarding forms of communication with borrowers in and out of litigation.**

Objection sustained. This topic is vague and overly broad, seeking information regarding any and all forms of communication of any kind to or from borrowers about anything. Furthermore, there are only two claims the Court can recall that Plaintiffs attempted to assert against Defendants in this case relative to communications (claims that Defendants discriminated against Plaintiffs by denying them their preferred method of communication—access to online servicing), and the Court denied Plaintiffs' motion for leave to amend their complaint to assert those claims.[11] This topic is therefore not relevant and is beyond the scope of permissible discovery in this case.

**9. Discuss and explain the servicing notes on the Helmstetter loan.**

Fannie Mae's objection is sustained in part and this topic limited as follows.

Once again, Fannie Mae objects, "because [it] is not a loan servicer" and this topic is outside Fannie Mae's knowledge and control. But, as noted above, Fannie Mae should be able to provide answers to questions regarding its own "Servicing Guide" as it applies to the

---

[11] ECF No. 102 at 2–3, 6–9, adopted by ECF No. 107.

Helmstetters' 2006 Note and 2006 Mortgage. Fannie Mae shall, therefore, produce a corporate representative or representatives to answer questions regarding the extent to which, if any, its Servicing Guide may touch upon or relate to the servicing notes on the Helmstetter loan. However, this topic will be subject to the same January 6, 2018 date/time limitation as set out with respect to Topic 2, above.

**10. Discuss and explain your responses to discovery.**

No objection. Fannie Mae confirmed that it would produce a witness to provide testimony regarding its responses to discovery requests in this case.

## Procedures for Rule 30(b)(6) Deposition(s)

At the end of the March 9 telephone conference, the Court had a lengthy discussion with counsel about procedures for the upcoming Rule 30(b)(6) depositions. Counsel confirmed that they have already scheduled the Fannie Mae deposition(s) for April 8, 2021. During the conference, they agreed to conduct the Chase deposition(s) on April 7. Counsel additionally agreed that they would conduct the depositions remotely because of the COVID-19 pandemic and corporate travel restrictions. This agreement then led to discussion about—and eventually Court rulings relating to—how and when the corporate representatives would receive exhibits to be discussed during the depositions. Defendants noted that Chase has produced 423 documents and Fannie Mae has produced 166 documents as Rule 26 disclosures or in response to discovery requests. Although Defendants agreed to produce corporate representatives able to testify regarding all of these produced or disclosed documents, it would be unwieldy and inefficient to simply provide the corporate representative witnesses with binders of all these documents, without specifically identifying those expected to be utilized as exhibits during the depositions.

The Court therefore issued the following orders to promote efficiency during the depositions:

- Plaintiffs' counsel must identify the deposition exhibits she expects to use by noon on April 5 for the April 7 deposition(s) and by noon on April 6 for the April 8 deposition(s). Specifically, by those dates and times, she must give Defense counsel a complete list of the Bates numbers of the exhibits she intends to use.

- These lists must essentially be comprehensive; they must include all the exhibits Plaintiffs' counsel intends to use during the depositions of Defendants' corporate representatives. There may, in the end, be a few documents addressed in the depositions that are not on Plaintiffs' list (because they come up during the depositions), but those exclusions must be very limited.

- Defense counsel must provide Plaintiffs' counsel with mailing addresses for the corporate representatives, for Plaintiffs' counsel to mail binders of all the documents. Defense counsel committed to provide the addresses by March 12, 2012. Plaintiffs' counsel indicated that she wants to make sure all the documents are with the witnesses—even if she does not ultimately use them—to avoid delay. Plaintiffs' counsel is also responsible for ensuring the court reporter has access to the documents.

- The Court stressed that the deadlines set out here are firm deadlines. No extensions will be granted and the depositions of Defendants' corporate representatives must be concluded by April 9, 2021. Further, in order for these virtual depositions to go smoothly it is essential that the deposition exhibits expected to be used during these depositions be timely identified by the deadlines set out above and that the binders of all the documents be mailed in time to be delivered to each of the witnesses and the court reporter several

15

days prior to the depositions. It will be the responsibility of Plaintiffs' counsel to ensure that all of these tasks are timely completed. The number of documents in play for purposes of these depositions (589 total) is not huge; counsel should have ample time to comply with the deadlines and schedule set out here.

- The parties should be cognizant of, and abide by, the deposition time limits set in the Scheduling Order (ECF No. 41).

**IT IS THEREFORE ORDERED** that Defendants' objections to Plaintiffs' proposed Rule 30(b)(6) deposition topics are sustained in part and overruled in part, as set forth more fully above.

**IT IS FURTHER ORDERED** that the parties comply with the deposition procedures and deadlines set forth above.

Dated March 13, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

16