IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID HELMSTETTER and )
JACQUELINE HELMSTETTER, )
 )
              Plaintiffs, )
 )
v. )    Case No. 2:19-cv-2532-KHV-TJJ
 )
JPMORGAN CHASE BANK, N.A. and )
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
 )
              Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Deem the 30(b)(6) Representatives Unprepared and Other Discovery Issues.[1] Defendants oppose the Motion.[2] Plaintiffs did not file a reply. For the reasons set forth below, the Court will grant the Motion in part and deny it in part.

Defendants produced three corporate representatives as Rule 30(b)(6) witnesses to provide testimony on behalf of Defendants JPMorgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae") on the deposition topics previously approved by the Court.[3] In their Motion, Plaintiffs take issue with the testimony of the three corporate representatives on six grounds, which the Court addresses in turn below.

**1. Witnesses not properly prepared to give Rule 30(b)(6) corporate testimony**

---

[1] ECF No. 128.

[2] ECF No. 131.

[3] ECF No. 119.

1

Plaintiffs contend Defendants' corporate representatives were not prepared to testify on behalf of the organization on the specified topics, and each witness offered responses based on personal knowledge or experience rather than on corporate knowledge. Plaintiffs cite two examples to support their argument.

### A.   Albert Smith, Jr.

Chase witness Albert Smith, Jr. gave testimony regarding Topic 4: "Discuss and explain the policies and procedures for loan servicing as applied to the Helmstetters' account activity and loan accounting including payoff(s) [subject to the date/time limitation set out in ECF No. 119]." In the deposition testimony Plaintiffs submitted in support of their objection,[4] Mr. Smith testified:

> Q.      [W]hat did you do to prepare for this topic?
>
> A.      This topic, I didn't have any specific preparation outside of reviewing the documents. This will be based on my experience and knowledge of working with Chase.
>
> Q.      So in preparation, I just want to clarify, you didn't access any Chase policies or procedures for loan servicing to prepare?
>
> A.      No.
>
> Q.      And you also didn't access the Fannie Mae loan servicing guide to prepare for this topic?
>
> A.      I did not.
>
> Q.      I just want to make sure I know what the information's based on. And have you – just so I have a little bit of a basis for this, you said you were going to testify – I don't want to misstate this, testify based on your experience?
>
> A.       Yes.
>
> Q.      And do you have any specific experience in the policies and procedures of loan servicing including payoffs or accounting?
>
> A.      I do.

---

[4] ECF No. 128-1 at 3.

In their opposition, Defendants rely on Mr. Smith's answer to the first quoted question as evidence that his testimony arises out of his work for Chase. Moreover, Mr. Smith also stated that he has specific experience in the policies and procedures of loan servicing, including payoffs and accounting. Defendants contend Plaintiffs have not identified any information Mr. Smith was unable to provide in answer to questions under Topic 4.

The Court agrees with Plaintiffs that Mr. Smith was not properly prepared to testify on behalf of Chase for questions related to Topic 4. Rule 30(b)(6) requires that a person designated to testify on behalf of an organization be prepared to testify "about information known or reasonably available to the organization."[5] In order for a Rule 30(b)(6) deposition to function effectively, once the deposing party designates deposition topics with reasonable particularity, the organization must designate and adequately prepare its witness(es) to address the topics.[6] The organization must make a conscientious, good faith effort not only to designate knowledgeable representatives for Rule 30(b)(6) depositions but also to prepare them to "fully and unevasively answer questions about the designated subject matter."[7]

It was not sufficient for Defendant Chase to merely produce a witness – Mr. Smith – who has experience with Chase's policies and procedures regarding loan servicing. Chase had a duty to prepare Mr. Smith so he could give "complete, knowledgeable and binding answers on behalf

---

[5] Fed. R. Civ. P. 30(b)(6).

[6] *North Alabama Fabricating Co., Inc. v. Bedeschi Mid-West Conveyor Co., LLC*, No. 16-cv-2740-DDC-TJJ, 2018 WL 276772, at *6 (D. Kan. Jan. 1, 2018).

[7] *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999).

of the [organization]."[8] Topic 4 requests information regarding Chase policies and procedures for loan servicing *as applied to* the Helmstetters' account activity and loan accounting including payoff(s). Yet, Mr. Smith admittedly did not review Chase policies or procedures for loan servicing prior to his deposition. Nor did he review the Fannie Mae loan servicing guide. Having "experience" with the policies and procedures can mean any number of things, but Mr. Smith's failure to review the policies and procedures for compliance in this case left Mr. Smith unprepared to testify on behalf of Chase with regard to Topic 4. Chase therefore did not properly present a corporate witness as required by Rule 30(b)(6) to answer questions regarding Topic 4.

In a separate line of questioning, Plaintiffs' counsel attempted to ask Mr. Smith whether Chase statements were in statutory compliance. Plaintiffs contend Mr. Smith either was not prepared or was not allowed to testify regarding "statutory compliance." Although Plaintiffs' Motion does not indicate the specific topic to which these objections relate, it appears they relate to Topic 5: "Discuss and explain the Helmstetter mortgage statements in the context of statutory compliance as to proper application of payments (accounting of payments) and information required to be disclosed to the borrower."

Defendants contend Mr. Smith did answer what Defendants characterize as "Plaintiffs' vague and confusing questions about general 'statutory requirements.'"[9] Defendants also contend Plaintiffs have not identified any information the witnesses did not provide regarding statutory compliance.

The relevant testimony on this issue from Mr. Smith is as follows:

---

[8] *North Alabama Fabricating Co., Inc.,* 2018 WL 276772, at *6 (quoting *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *13 (D. Kan. Oct. 5, 1995)).

[9] ECF No. 131 at 3-4.

4

Q.     As you sit here today, do you have anything to refer me to in policies and procedures that reflect to whether that complies with the requirement to put the total amount due on the statement?

[Defendants' counsel]: Objection, calls for a legal conclusion…. He can answer, but you're asking him for a legal conclusion. I've made my objection.

A.     And yes, I'm not an attorney, but looking at the document itself, the document explains the past payment breakdowns, gives an explanation of the amount due. I'm not aware of the – of a requirement to reflect a payoff or total – tabulating a total loan balance as part of the statement, I have no knowledge of that.

************

Q.     So in Topic No. 5, to discuss and explain the Helmstetters' mortgage statements in the context of statutory compliance as to proper application of payments and information required to be disclosed to the borrower after January 6, 2018, do you have any knowledge of statutory requirements or compliance relating to the information on the mortgage statement?

[Defendants' counsel]: Objection, asked and answered.

A.     It's my understanding and belief that the information supplied to the customer on the statement provides the information that is required.

Q.     And did you look up what information is required? I mean, is the answer really "no," that you don't have knowledge of what statute we're talking about, whether the mortgage statement complies?

[Defendants' counsel]: Objection, asked and answered, harassing, form of the question. It's argumentative.

A.     My answer is that it's Chase's position that this statement complies with any statutory requirement from 2018.

Q.     Which statutory requirement does it comply with?

A.     I stated any statutory requirement. I don't know what requirement you're referring to. As far as advising of the balances due and owing and providing clear explanation of that, I believe that statement does that and that's my answer.

Q.     Is your testimony, as you sit here today, and as you prepared, is that if Chase has done it, it's accurate, or have you made an independent review of any statutory compliance to compare it to this statement?

[Defendants' counsel]: Objection, asks for a legal conclusion, form of the question, it's argumentative, it's asked and answered.

A.     I have no additional answer other than what I've already answered, Counsel.

Q. Since we'll be taking this one to the Court, I just want to make it very, very clear that you've not referred to any statute or written policy or procedure relating to Topic No. 5 of just –

[Defendants' counsel]: Objection, misstates his testimony.

\*\*\*\*\*\*\*\*\*\*\*

A. Yes, the statements – the form and method of the statement is, in our position, compliant with any statutory requirement in regards to supplying information on balanaces due and owing. *I didn't look at any specific statute as of today for this particular preparation,* but based on my training and understanding of what happened with the mortgage statements, that's my position. So that's all I have to say.

As Mr. Smith admitted in the highlighted language quoted immediately above, he did not review any statutory requirements in preparation for his deposition testimony. For the same reasons the Court has found Mr. Smith was not properly prepared to testify on behalf of Chase with regard to Topic 4, Mr. Smith also was not properly prepared to testify on behalf of Chase with regard to Topic 7. As Defendants point out in their response, one of Fannie Mae's Rule 30(b)(6) witnesses, Alfred Violanti, III, testified that Fannie Mae relies on its servicer, Chase, to comply with the law related to servicing.[10] It is therefore abundantly clear that Mr. Smith should have been prepared to answer questions regarding statutory compliance. As for Mr. Smith's testimony regarding "any" statutory requirement, it begged the questions asked and, whether intentional or not, comes across as a coy attempt to dodge the questions asked. Mr. Smith's testimony was further compromised by repeated improper objections by Defendants' counsel.[11]

The Court orders Defendants to properly prepare Mr. Smith to answer questions regarding Chase Topics 4 and 7 and make him available for deposition on a date agreeable to Plaintiffs' counsel no later than August 16, 2021. The deposition may be conducted remotely.

---

[10] ECF No. 131 at 4.

[11] *See* District of Kansas Deposition Guidelines, http://ksd.circ10.dcn/index.php/deposition-guidelines/.

Defendants' counsel shall refrain from asserting improper objections to questions posed during the deposition.

### B.     Mark Graves

Fannie Mae designated witness Mark Graves to give testimony regarding Topic 7: "Discuss and explain policies, procedures, and statutory compliance regarding transfers of servicing or transfer of ownership including, but not limited to, the timing and required form of such information," relative to the HomeSaver Advance Note. However, Plaintiffs point out that when asked whether he was prepared to testify regarding Topic 7, Mr. Graves responded unequivocally, "I am not." Understandably, then, Plaintiffs complain Mr. Graves was not properly prepared to give Rule 30(b)(6) testimony regarding Topic 7 on behalf of Fannie Mae.

However, Defendants argue that, notwithstanding his statement to the contrary, Mr. Graves was prepared to testify on Topic 7. Defendants contend Plaintiffs' counsel asked Mr. Graves questions regarding transfers of servicing and ownership, and he fully answered the questions. Defendants also assert that Plaintiffs have not identified any information Mr. Graves was unable to provide in response to questions asked under Topic 7.

While it is unclear why Mr. Graves denied he was prepared to give testimony regarding Topic 7, the Court has reviewed the transcript excerpts Defendants submitted and agrees that Mr. Graves actually did give responsive testimony to the questions he was asked concerning Topic 7. Plaintiffs have not identified any questions Mr. Graves failed to answer regarding this Topic. The Court therefore finds unpersuasive Plaintiffs' claim that Mr. Graves was unprepared to testify on behalf of Fannie Mae relative to Topic 7.

2. **Deposition filled with too many objections and impermissible coaching objections**

Plaintiffs' next objection is that "the deposition" was filled with too many objections and impermissible coaching objections. The only deposition testimony Plaintiffs cite in support of this argument is that of Alfred Violanti, III. However, Plaintiffs failed to include a copy of page 41 of Mr. Violanti's deposition that contains the testimony in question, and the Court is unable to discern what Plaintiffs' argument means. The Court finds this objection unsupported and unpersuasive.[12]

3. **Designated witness not allowed to answer question following defense counsel objection that answer called for a legal conclusion**

Plaintiffs identify no witness, refer to no deposition topic, cite to no deposition testimony, and refer to no document(s) where this issue arose. The Court finds this objection unsupported and unpersuasive.

4. **Improper objections to court-approved topics**

Once again, Plaintiffs do not identify any particular witness to whom this objection is aimed. They do not refer to a particular deposition topic. Although they do quote from page 14 of what is presumably a deposition transcript, they fail to attach a copy of the document. And they do make the general statement that "[n]ot aware that there is a statute regarding mortgage statements therefore cannot testify if they are in compliance," citing Mr. Violanti's deposition at page 47. But as noted above, Mr. Violanti testified that Fannie Mae relies upon its servicer, Chase, to comply with the law related to servicing. The Court therefore finds this objection unsupported and unpersuasive.

5. **Obstructing deposition by demanding a copy of Bates numbered documents**

---

[12] Plaintiffs seem concerned with the limit of 10 pages the Court imposed on their Motion. They write that "[i]n 10 pages the discovery deficiency cannot be adequately addressed although this issue is intended to be preserved . . . ." ECF No. 119 at 2, n 2. However, the 10-page limit cannot account for Plaintiffs' cryptic argument because their Motion consists of 4 ½ pages.

This objection is not tied to any specific deposition topic or witness. The Court is unable to understand the issue Plaintiffs are attempting to raise or the relief being sought here. The Court finds this objection unsupported and unpersuasive.

6. **Maintaining impossible positions by guessing**

Once again, Plaintiffs do not identify any particular witness to whom this objection applies. They do not mention a particular deposition topic. They do not cite to any deposition testimony. Nor do they reference any specific document(s) at issue. The Court finds this objection unsupported and unpersuasive.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Deem the 30(b)(6) Representatives Unprepared and Other Discovery Issues (ECF No. 128) is granted in part and denied in part. The Motion is granted insofar as it seeks a ruling that Defendant Chase did not comply with Rule 30(b)(6) by presenting Albert Smith, Jr. as a witness on Chase Topics 4 and 7. The Motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Defendant Chase properly prepare Albert Smith, Jr. to answer questions regarding Chase Topics 4 and 7 and make him available for deposition on a date agreeable to Plaintiffs' counsel no later than August 16, 2021.

**IT IS FURTHER ORDERED** that the discovery deadline in this case is extended to August 16, 2021 for the sole purpose of conducting the deposition of Albert Smith, Jr. No other discovery may be conducted.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2021, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge